## SECURITIES AND EXCHANGE COMMISSION v. GILBERT et al.

No. 22.

District Court, S. D. Ohio, W. D.

Aug. 14, 1939.

Chester T. Lane, Gen. Counsel, and Christopher M. Jenks, Asst. Gen. Counsel, both of Washington, D. C., and James C. Gruener, Principal Atty., and C. Ives Waldo, Jr., both of Cleveland, Ohio, for plaintiff.

Paul M. Herbert, of Columbus, Ohio, for defendants.

NEVIN, District Judge.

On May 8, 1939, plaintiff filed its complaint herein praying for a preliminary and final injunction against the defendants, their agents, et al., from doing the certain things enumerated and set out in the prayer.

On June 17, 1939, defendants filed a motion, moving the court as follows: "(1) To dismiss the action because the complaint fails to state a claim against the defendants upon which the relief sought can be granted for the reason that undivided interests in ships are not 'securities' as that term is defined by the Securities Act of 1933 [15 U.S.C.A. § 77b]."

On July 11, 1939, plaintiff filed an amended complaint.

On July 13, 1939, a stipulation signed by counsel for the respective parties was filed herein. Insofar as it is pertinent to the present inquiry, that stipulation reads as follows: "1. The plaintiff shall file forthwith an amended complaint for injunction covering the sale of 'undivided interests of the motor ship or vessel Nassau Clipper' and the sale of 'undivided interests of the motor ship or vessel Sea Hydro No. 1'. 2. The motion to dismiss filed by the defendants on or about June 15, 1939, shall be deemed to apply to such amended complaint." (It appears that the amended complaint was actually filed two days before the stipulation was filed but this is not material as the stipulation was intended to cover the filing of the amended complaint referred to).

The cause is now before the court on defendants' motion to dismiss filed June 17, 1939, which, by the stipulation as above set out, is deemed to apply to the amended complaint.

Defendants submit (Br. p. 1) that "the amended complaint now alleges that an undivided interest in the two (2) boats are securities and that the selling of such un-

divided interests in said boats comes within the provisions of the Securities Act of 1933 as amended in 1934", and that the two questions raised by their motion to dismiss are (Br. p. 2) "(1) Is an undivided interest in a boat or vessel a security? (2) Does the sale of such undivided interest in a boat or vessel come within the provisions of the Securities Act of 1933 as amended by Congress in 1934?"

Plaintiff urges (Br. p. 2) that "The complaint alleges that the defendants have been and are now selling and delivering securities, that they have been and are doing so by use of the mails and interstate commerce, and that such securities have not been registered."

The amended complaint contains two counts. The two counts are in all respects alike except that in the first count reference is made to the motor ship or vessel "Nassau Clipper", whereas in the second count reference is made to the motor ship or vessel "Sea Hydro No. 1". It is alleged in the first count, inter alia, that "Since on or about April 1st, 1938, the defendants have been and are now selling securities described by the defendants as 'undivided interests of the motor ship or vessel Nassau Clipper', and in the sale of such securities have been and are now, directly and indirectly, using the mails and the means and instruments of transportation and communication in interstate commerce, and have been and are now, directly and indirectly, carrying such securities and causing them to be carried through the mails and in interstate commerce by means and instruments of transportation for the purpose of sale and delivery after sale. 4. No registration statement with respect to such securities is in effect with the Securities and Exchange Commission." Exactly the same allegations appear in the second count except (as indicated) as to the name of the ship or vessel and the date which, in the second count, is alleged to be "Since on or about March 1st, 1939".

It is conceded by counsel for defendants (as is the well settled law) that for the purposes of this decision the motion to dismiss admits the truth of all the allegations properly plead. Defendants contend, however, that whether or not the undivided interests referred to are "securities" is solely a question of law and that the allegation that defendants have been and are selling securities is a conclusion of law and therefore not admitted by the motion. With this the court cannot agree.

As pointed out by plaintiff, doubtless, questions of law may enter into the determination as to whether a particular interest is a "security" but an allegation that defendants are selling securities is an allegation of fact. It may be upon a trial, after hearing all of the evidence, the court may determine that, as a matter of law, the particular thing being sold is not a "security" but for the purposes of the present motion the court must consider the allegation as merely one of fact, and by defendants' motion it is, therefore, for the present purposes, admitted that the defendants "are now selling securities described by the defendants as 'undivided interests' ", etc.

Defendants further state (Rep.Br. p. 1) that "We submit that the question before this Court is whether or not 'undivided interests in a motor ship or vessel' are securities within the purview of the Securities Act of 1933 as amended."

As the court views it this is not the question now before this court. What plaintiff charges in the amended complaint is the sale of "securities" which it alleges in the complaint are "described by defendants as 'undivided interests' ", etc. If what defendants are selling are not "securities" it must be so shown by the facts and applicable law upon the trial of the case.

Defendants in their reply brief (p. 1) state that plaintiff "attempts to ignore the language of the original complaint and also the express provisions of the stipulation." Whatever may be the facts in these respects they are de hors the record on the present motion. As above set out the stipulation provides that the motion to dismiss shall apply to the amended complaint. Under that stipulation all there is now before the court and all this court can consider, and all that it has considered, is the motion itself and the amended complaint to which it is directed.

The court is of opinion that the motion is not well taken and that it should be, and it is, overruled. An order may be drawn accordingly.